| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RUCHELL CINQUE MAGEE, | ) | (~~No. Case Number~~) CV17-9164 AB (FFM) |
|---|---|---|
| Petitioner, | ) | ORDER REMANDING ACTION TO STATE COURT |
| v. | ) | |
| STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

## PROCEEDINGS

On or about August 25, 2017, petitioner Ruchell Cinque Magee, a California prisoner proceeding *pro se*, submitted for filing a "Petition for Removal" (the "Removal Petition") pursuant to 28 U.S.C. § 1443 ("Section 1443"). Petitioner purports to remove a habeas action, *Magee v. State of California*, Case No. 17HC-0007 (the "State Court Habeas Action"), filed in the Superior Court for the County of San Luis Obispo. (*See* Removal Petition at 1-2.) The state habeas petition is not attached to the Removal Petition. To the Court's understanding, petitioner challenges his current classification score and/or custody placement on the ground that they violate sections 3375.1 and 3376 of title 15 of California's Code of Regulations. (*See id.* at 2, Ex. 1.) The Court finds that (1) the Removal Petition may not be filed; and (2) this action must be remanded to the state court.

# ANALYSIS

Petitioner contends that removal is necessary because (1) the state court has failed to timely decide his habeas petition; and (2) he cannot get a fair hearing in the state courts because they refuse to "honor" his alleged 1973 acquittal on charges stemming from an allegedly defective indictment. (*See* Removal Petition at 4-5.)

Petitioner cannot remove the State Court Habeas Action. "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. *Syngenta*, 537 U.S. at 32; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, the general removal statute, 28 U.S.C. § 1441, provides only for the removal of a state court action by "the defendant or the defendants." *See* 28 U.S.C. § 1441(a). Similarly, Section 1443, on which petitioner relies, provides only for removal by "the defendant." *See* 28 U.S.C. § 1443. Section 1446 of title 28, which sets forth the procedures for removal, refers only to removal by the "defendant" or "defendants." *See* 28 U.S.C. § 1446(a)-(g). For that matter, *none* of the statutes governing removal provide for removal by a plaintiff or petitioner. *See generally* 28 U.S.C. §§ 1441 *et seq.*. Moreover, courts have strictly interpreted the general removal statute to preclude removal by a plaintiff even where the plaintiff is also a cross-defendant. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-09 (1941) (strictly interpreting reference to "defendant or defendants" in former removal statute to preclude plaintiff/cross-defendant from removing action on basis of counterclaim); *see also*

*Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007) ("The interpretation of 'defendant or defendants' for purposes of federal removal jurisdiction continues to be controlled by *Shamrock*, which excludes plaintiff/cross-defendants from qualifying 'defendants'"). Therefore, petitioner cannot remove the State Court Habeas Action, since he is not the "defendant or defendants" therein.

Furthermore, petitioner is subject to a March 3, 1999 order (the "Vexatious Litigant Order") declaring him a vexatious litigant under then-Local Rule 27A. The order directed the Clerk of the Court not to accept for filing any habeas corpus petition without (*inter alia*) the prior written authorization from a District Judge or Magistrate Judge issued upon a showing of evidence supporting a claim. *See* Docket No. 11 in *Magee v. Ayers*, C.D. Cal. No. CV 99-205 ABC (RC); *see also* Docket No. 2 in *Magee v. Scribners*, C.D. Cal. No. CV 05-5843 ABC (RC) (describing same). Here, plaintiff presents neither a cognizable federal habeas claim nor evidence to support such a claim.

First, petitioner does not clearly allege the violation of his rights under the Constitution or federal law. His allegation that state regulations were violated cannot, in itself, support a federal habeas claim. *See* 28 U.S.C. § 2254(a) (federal court may entertain habeas petition only on ground that petitioner is in custody "in violation of the Constitution or laws or treaties of the United States"); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (state prisoners have "no legitimate statutory or constitutional entitlement" to particular classification).

Second, petitioner's claim would not be cognizable even if petitioner alleged a constitutional basis therefor. A claim may not be brought in a federal habeas action unless the relief the petitioner seeks would "*necessarily*" result in his immediate or earlier release from confinement. *Nettles v. Grounds*, 830 F.3d

922, 927-36 (9th Cir. 2016) (emphasis added). The custody classification regulations at issue in the state habeas petition do not govern conditional release, good-time credits, or any other scheme that might (under certain circumstances) directly affect the length of an inmate's sentence. Rather, the regulations set forth criteria for determining where an inmate will be housed. *See* Cal. Code Regs., tit. 15, §§ 3375.1, 3376. A more favorable classification score might result in less restrictive accommodations, and/or greater access to "programs," but it will not "necessarily" result in speedier release. Therefore, petitioner's challenge to his custody score/classification cannot be brought as a federal habeas claim. *See Nettles, supra*.

Third, petitioner submits no evidence to support his allegation that his custody score/classification is wrongful. Rather, he submits documents purporting to show that his 1973 conviction was invalid because the jury acquitted him. (Removal Petition, Ex. 2.) Petitioner does not explain, and the Court cannot discern, how the documents relate to his allegedly wrongful custody score/classification. Nor do the documents have any bearing on whether petitioner has been afforded due process in the State Court Habeas Action.

Moreover, petitioner has previously filed at least one unsuccessful federal habeas petition challenging a 1975 conviction on the basis of the foregoing documents. (*See* Docket No. 1 *in Magee v. Soto*, C.D. Cal. No. CV 14-3446 AB (FFM).) In submitting the documents with the Removal Petition, albeit as evidence of the state court's alleged bias, petitioner appears to seek an end-run around the prohibition on second or successive habeas petitions. *See* 28 U.S.C. § 2254(a)-(b). This the Court will not allow.

Finally, petitioner must exhaust any habeas claim in state court before proceeding thereon in federal court. 28 U.S.C. § 2254(b)(1)(A). He has not done so, and his fantastical and unsupported allegations of bias cannot excuse him from this requirement.

4

## ORDER

In sum, petitioner does not meet the criteria for removal, and he fails to make a showing sufficient to overcome the Vexatious Litigant Order. The Court therefore orders that (1) the Removal Petition be rejected; and (2) this action remanded to the Superior Court for the County of San Luis Obispo.

DATED: December 19, 2017

_____
ANDRÉ BIROTTE
United States District Judge

Presented by:

_____
FREDERICK F. MUMM
United States Magistrate Judge